**ARCO FUEL OIL CO., Inc., Plaintiff,**

v.

**ATLANTIC RICHFIELD COMPANY, Defendant.**

**No. 69 Civ. 4590.**

United States District Court, S. D. New York.

Dec. 3, 1969.

John A. Reilly, New York City, for plaintiff (Donald J. Lisa, Stuart J. Sinder, Alvin O. Sabo, New York City, of counsel).

Rogers, Hoge & Hills, New York City, for defendant (Mercer L. Stockell, James B. Swire, New York City, of counsel).

## MEMORANDUM

THOMAS F. MURPHY, District Judge.

Plaintiff moves for a preliminary injunction. It claims that it and defendant sell the same class of products to the same customers in the same area under the same trade name and trademark, ARCO. It poses the question thus: will this court exercise its discretion to prevent a giant corporation of great wealth from seizing by economic force the simple trade name and trademark of a small business of long standing?

We think that plaintiff protests too much. Evidently Judge Weinfeld thought so, too, when he refused a temporary restraining order.

Plaintiff, Arco Fuel Oil Co., Inc., is a New York corporation incorporated on October 3, 1969. On October 17, 1969, it purchased the business of Arco Fuel Oil Co., Inc., including its trademark and trade name, ARCO and Arco Fuel Oil Co., Inc., and brought this action on October 21, 1969.

The original Arco Fuel Oil Co., Inc. was also a New York corporation incorporated in 1934 and, it is alleged, has used the service mark ARCO for 35 years and the trade name Arco Fuel Oil Co., Inc. for the same period in its fuel

oil business located in Brooklyn, New York. It presumably sells *Mobil* fuel oil to homeowners and others in Brooklyn, Queens, Long Island and Manhattan. (Although nowhere in the moving papers are we told what fuel oil is sold, we deduce it is Mobil from the photographs of plaintiff's tank trucks on which that name appears.) On its tank trucks the name ARCO is more prominently displayed. It is alleged that it presently sells six million gallons of fuel oil per year for gross sales of $1 million. We assume that this refers to the predecessor corporation since plaintiff has been in business only since October 17, 1969.

Defendant is a national company engaged in the sale and distribution of gasoline, oil and related products. It resulted from a merger in 1966 between Atlantic Refining Company and Richfield Oil Company. Its products have been sold on the west coast under the trademark RICHFIELD and on the east coast under the trademark ATLANTIC. In 1969 the defendant corporation acquired by merger part of the assets of Sinclair Oil Corporation thus, it claims, establishing the defendant as a coast to coast marketing company for the first time. Recently (probably in the last three months) it decided on a single brand name for the sale of its gasoline and lubricating oil from coast to coast. The name it decided to utilize is ARCO.

It would appear to be undisputed that Atlantic Refining Company used the mark ARCO for a great many years commencing in about 1920 on various company ships, barges, oil drums and publications. It called its baseball team ARCO, and a company town in Brunswick, Georgia, where it had its refining plant, still is called ARCO. It registered the name ARCO with the United States Patent Office under #744003 for lubricating oils in 1963, in 1967 under #817783 for gasoline and lubricating oil, and other combinations of ARCO since then such as ARCOJET for jet fuels and ARCONOL as a gasoline supplement, etc. It is a fact that it has not done any business under any of these names or marks in the metropolitan area.

Recently, pursuant to the decision to establish a coast to coast marketing service, it has spent hundreds of thousands of dollars in a national advertising campaign notifying the public that it is ARCO, and it has also begun in Middletown, New York, changing the names of its gas stations formerly called ATLANTIC to ARCO. It states, however, that it has no intention, because of the lack of facilities, of marketing any of its products in the metropolitan area although it has engaged in a large distribution on a national basis of its credit card entitled ARCO. It further alleges that it has never sold fuel oil under that trade name or mark.

Assuming that this recital fairly summarizes the conflicting use of the name ARCO, upon balancing, we are not persuaded that the plaintiff has shown a likelihood of success at trial. We are satisfied that, at least on the papers submitted, there does not appear to be the likelihood of confusion between plaintiff's sale of Mobil fuel oil under the name of Arco Fuel Oil Co., Inc. in the metropolitan area with defendant's national sales of gasoline and lubricating oils. It can hardly be claimed that the ARCO gas stations in Middletown, New York, would be confused by the public with plaintiff's fuel oil enterprise in the metropolitan area. Neither Sweetarts v. Sunline, Inc., 380 F.2d 923 (8th Cir. 1967), nor Cohn-Goldwater Mfg. Co. v. Wilk Shirt Corp., 147 F.2d 767 (2d Cir. 1945), are factually relevant. As the Supreme Court said in Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 415, 36 S.Ct. 357, 361, 60 L.Ed. 713 (1916): "In the ordinary case of parties competing under the same mark in the same market, it is correct to say that prior appropriation settles the question. But where two parties independently are employing the same mark upon goods of the same class, but in separate markets wholly remote the one from the other, the question of prior appropriation is legally insignificant; unless, at least, it

appear that the second adopter has selected the mark with some design inimical to the interests of the first user * * *." Quite obviously the defendant did not, nor is it accused of, selecting the mark ARCO with some design inimical to the interests of the plaintiff.

More than this, it is probable that the plaintiff has no real interest in the name ARCO but only a 10% interest in the proceeds if the name ARCO is sold by Ottaviano, a 10% stockholder in the predecessor company. We gather this from a copy of the contract of sale since by it Ottaviano was given the exclusive agency to sell the name ARCO and if successful plaintiff would receive 10% of the net proceeds after expenses were deducted.

Nor are we persuaded that the plaintiff will be irreparably damaged absent a preliminary injunction. It can hardly be expected that the ARCO gasoline filling stations in Middletown would have any effect on plaintiff's sales, and we are told by the defendant, as we said above, that it has never sold fuel oil under the name of ARCO. Perhaps the only measure of damages that is possible would be brought about by the wide distribution of ARCO credit cards; but even if this was a cause for damages, they can hardly be described as irreparable.

We somehow get the feeling that this is a strike suit to coerce the defendant into buying the plaintiff's name and common law mark. We gather this from the affidavits relating to negotiations along those lines and the interruption when the price rose astronomically. In addition, we are disturbed because we are told by the defendant that the plaintiff has, while its present motion was *sub judice*, served an amended complaint with additional parties plaintiff alleging many different claims, including claims under the Lanham Act to cancel certain registered trademarks of the defendant and under the Sherman Act. Disturbance aside, we do not consider the amended complaint since it is not properly before us. So, despite plaintiff's

claim, the plaintiff and defendant do *not* sell the same class of products to the same customers in the same area under the trade name and trademark ARCO.

Accordingly, we deny the motion for a preliminary injunction.

This is an order. No settlement is necessary.